CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 03 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| YUSUF HAKIM ALI,<br>    Plaintiff, | Civil Action No. 7:16-cv-00185 |
| v. | MEMORANDUM OPINION |
| DR. DENISE MALONE, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Yusuf Hakim Ali, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names two defendants: Dr. Denise Malone, and Dr. William Lee. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A. After reviewing the record, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in the complaint:

> I have written the Mental Health Program Director D.B. Malone, Psy.D., BCBA numerous inquiries in regards to my mental health treatment but Dr. Denise Malone constantly refer[s] the matters to the Mental Health Clinical Supervisor Dr. William Lee, Ph.D. On the first of April 2015[,] I notified Dr. Malone that I was currently off of my psychotropic medications and expressed that my psychological state was and still messed up. I requested the attention of the psychiatrist Dr. McDuffie but I was told by psychologist Mr. Huff that Dr. McDuffie was off site. Mr. William Lee, Ph.D. is constantly notified by Dr. Malone when I have a serious complaint that I feel the institutional psychologist and Dr. Lee cannot answer. I have currently requested immediate psychological help due to my mental health symptoms ha[ve] gotten extremely worse . . . . I feel my mental health concerns are not being met by the Mental Health Department within the Department of Corrections . . . . [E]veryone of those in authority that have the power to help me refuse to do anything else besides place me on psychotropic medication every 90 days to pacify my symptoms for a little while. But then my symptoms come back even worse than they were in the beginning when I first started complaining . . . . [M]y state of mind is in serious jeopardy due to lack of proper mental health treatment.

Attached to the complaint are two letters sent to Plaintiff from Dr. Lee. The first letter, dated April 14, 2015, was in response to Plaintiff's letters dated April 1 and April 5, 2015. Dr. Lee recited that Plaintiff complained about, inter alia, not receiving psychotropic medications after being transferred to Red Onion State Prison ("ROSP"). Dr. Lee noted he contacted the Qualified Mental Health Professionals at ROSP, who explained Plaintiff had been seen by a psychologist on April 8 and 10, 2015, and that Plaintiff began receiving his medications again on April 11, 2015. Based on this information, Dr. Lee advised Plaintiff to consult with the QMHPs at ROSP because they were in the best position to help Plaintiff with his mental health issues.

Dr. Lee's second letter is dated May 15, 2015, and was in response to Plaintiff's letter dated May 4, 2015. Dr. Lee recited that Plaintiff noted that, inter alia, the prescription medicine was working and Plaintiff's requests for a transfer were not answered. Dr. Lee inquired with the ROSP QMHPs, who noted Plaintiff is compliant with his prescription regime 80% of the time. Dr. Lee encouraged Plaintiff to take advantage of the treatment resources at ROSP. Dr. Lee again advised Plaintiff to consult with the QMHPs at ROSP because they were in the best position to help Plaintiff with his mental health issues.

## II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's

factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff acknowledges that Dr. Malone referred the letters to Dr. Lee, and Dr. Lee replied promptly. Nothing in the letters or the complaint exemplifies defendants' deliberate indifference to a serious medical condition in violation of the Eighth Amendment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff fails to establish how his dissatisfaction with the medical care at ROSP is attributable to defendants. Accordingly, the complaint is dismissed for failing to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted

ENTER: This 3rd day of August, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

Case 7:16-cv-00185-MFU-RSB   Document 16   Filed 08/03/16   Page 3 of 3   Pageid#: 57